UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                **REPORT AND RECOMMENDATION**

v.                               23-CR-00057(LJV)(JJM)

MICHAEL E. SWAIN,

                         Defendant.

_____

Defendant Michael E. Swain is charged in a five-count Indictment [25][1] with the production and distribution of child pornography in violation of 18 U.S.C. §§2252A(a)(2)(A), 2252A(b)(1) and 2251(a) and (e), and the corrupt destruction and concealment of evidence in violation of 18 U.S.C. §1512(c)(1). The charges against Swain arise in part from evidence seized pursuant search warrants signed by the Hon. H. Kenneth Schroeder, Jr. on February 21, 2023 for Swain's residence at 191 Bannard Avenue in Tonawanda, New York, his cellular telephone,[2] and two Discord accounts. When law enforcement later learned that the search warrant for the two Discord accounts was not executed, a new warrant for those accounts, as well as five other Discord accounts, was signed by the Hon. Michael J. Roemer on October 25, 2023.

Before the court are Swain's initial pretrial motions [35] to suppress the evidence seized from the February 21, 2023 search warrants and the statements he made during the

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

[2]     The search warrant was for the "Target Device" on Swain's person, which was defined as a "cellular phone or electronic device utilizing an unknown telephone number". [36-3] at 62.

February 28, 2023 execution of the search warrant at his residence,[3] as well as his supplemental

pretrial motion [44] to suppress evidence from the October 25, 2023 search warrant, which have

been referred to me by District Judge Lawrence J. Vilardo for initial consideration [27].  Having

considered the parties' submissions [35, 36, 40, 44, 46],[4] I recommend that the motions be

denied.


## DISCUSSION

### A.    Suppression of Statements

"A defendant seeking . . . suppression . . . is not automatically entitled to an

evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved

would require the granting of relief." United States v. Longo, 70 F. Supp. 2d 225, 248 (W.D.N.Y.

1999). *See also* United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005) ("an evidentiary

hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently

definite, specific, detailed, and nonconjectural to enable the court to conclude that contested

issues of fact going to the validity of the search are in question").

"To meet that burden a defendant must, at a minimum, present his . . . claim

through an affidavit of an individual with personal knowledge of the relevant facts." Longo, 70

F. Supp. 2d at 248. *See also* United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106

(S.D.N.Y. 1995) ("[t]he law is clear that the burden on the defendant to establish standing is met

only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone

---

[3]     Swain's counsel indicated that the remaining portions of the motion are resolved.

[4]     For his initial pretrial motions, Swain rested on the papers without oral argument and neither
party requested oral argument of Swain's supplemental pretrial motion.

with personal knowledge"). "[A]n attorney's affidavit, absent personal knowledge is insufficient to justify a suppression hearing". United States v. Cook, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004).

Both the Scheduling Order ([29], ¶2) and Amended Scheduling Order ([34], ¶1) cautioned the parties that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied without an evidentiary hearing" - a requirement familiar to Swain's counsel.

Despite his awareness of this requirement, Swain's pretrial motion [35] was not accompanied by an affidavit (or declaration) from him. Instead, he belatedly filed an Affidavit ([40] at 2-3) on the eve of the October 26, 2023 oral argument. See Fed. R. Crim. P. ("Rule") 47(d) (requiring that a "moving party must serve any supporting affidavit *with the motion*", not after (emphasis added)). In any event, even if I considered Swain's belated Affidavit, it fails to "make a preliminary showing of facts which, if proved would require the granting of relief". Longo, 70 F. Supp. 2d at 248.

It is undisputed from Swain's Affidavit ([40] at 2, ¶3) and the FBI report of the encounter ([36-2] at 2) that Swain immediately invoked his right to counsel when he was confronted in his residence by law enforcement on February 28, 2023. However, it is only when a defendant "is subjected to a *custodial interrogation* and invokes their right to counsel" that "the interrogating agents must cease their questioning immediately". United States v. Okparaeke, 2018 WL 4003021, *5 (S.D.N.Y. 2018) (emphasis added). Swain's Affidavit offers nothing to establish that this was a custodial interrogation, which is fatal to the motion. See McNeil v. Wisconsin, 501 U.S. 171, 182 n.3 (1991) ("[w]e have . . . never held that a person can invoke his Miranda rights anticipatorily, in a context other than 'custodial interrogation'"); United States v.

-3-

Mastroianni, 2022 WL 17404783, *6 (S.D.N.Y. 2022) ("even assuming that Defendant had clearly invoked his right to counsel, there is simply no basis for suppression because Defendant was not subject to custodial interrogation"); United States v. Smith, 2012 WL 5187922 *7 (D. Vt. 2012) ("there is no right to an anticipatory invocation of counsel"); United States v. Zaleski, 559 F. Supp. 2d 178, 189 (D. Conn. 2008) ("Miranda rights cannot be asserted outside the context of custodial interrogation. An individual cannot, therefore, assert his or her Miranda right to counsel before he or she is in custody").

       "The test for determining custody is an objective inquiry that asks (1) whether a reasonable person would have thought he was free to leave the police encounter at issue and (2) whether a reasonable person would have understood his freedom of action to have been curtailed to a degree associated with formal arrest." United States v. Faux, 828 F.3d 130, 135 (2d Cir. 2016). Swain's Affidavit offers nothing about the circumstances of the encounter, such as affirmative representations that he was not free to leave or under arrest, displays of force, or restraints on his movements, that suggest that this was a custodial encounter. Without more, "the fact that the interview took place during the execution of a search of [his] residence does not equate to custodial interrogation". United States v. Pattee, 2013 WL 6579066, *8 n.3 (W.D.N.Y. 2013); United States v. Newton, 369 F.3d 659, 675 (2d Cir. 2004) ("absent an arrest, interrogation in the familiar surroundings of one's own home is generally not deemed custodial"). Therefore, I recommend that Swain's motion to suppress statements be denied without a hearing.

**B.      Suppression of Physical Evidence**

**1.      February 21, 2023 Search Warrants**

**a.      Discord Accounts**

Any challenge to the search warrant for the two Discord accounts was mooted by the fact that the search warrant was not executed. *See* Schmidt Affidavit [46-1], ¶25; Greenman Affidavit [44], ¶4.[5]  For that reason, I recommend that Swain's motion to suppress this warrant be denied. *See* United States v. Ingram, 2016 WL 1457887, *1 n.1 (W.D. Okla. 2016), aff'd, 720 F. App'x 461 (10th Cir. 2017) ("since the arrest warrant was never executed, [the defendant's] Motion to Suppress Arrest Warrant is moot").

**b.      Swain's Residence and Cellular Telephone**

Swain appears to challenge the search warrants on three grounds: Lack of probable cause (*see, e.g.*, Greenman Affidavit [35], ¶166); lack of particularity and overbreadth (*see, e.g.*, id. at ¶¶142, 153, 161-62, 165, 178); and overbroad execution (*see, e.g.*, id. at ¶¶141, 163, 179-80).

**i.      Probable Cause**

The Fourth Amendment states that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.  "Probable cause is not a high bar."

---

[5]      Although not raised by Swain, it is difficult to reconcile the representation that the initial Discord warrant was not executed with the representation in the government's October 5, 2023 Response ([36] at 5) - *filed before the second October 25, 2023 search warrant for the Discord accounts was obtained* - that "[s]everal of the defendant's Discord accounts were found to contain child pornography".

District of Columbia v. Wesby, __ U.S.__, 138 S. Ct. 577, 586 (2018).  In determining the existence of probable cause, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

Since "[a] search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and doubts should be resolved in favor of upholding the warrant", United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993), a defendant arguing that "that a warrant was issued on less than probable cause faces a heavy burden". Rivera v. United States, 928 F.2d 592, 602 (2d Cir. 1991).  However, that deference "is not boundless . . . . [R]eviewing courts will not defer to a warrant based on an affidavit that does not provide the magistrate with a substantial basis for determining the existence of probable cause." United States v. Leon, 468 U.S. 897, 914-15 (1984).

The February 21, 2023 search warrants ([36-3] at 59-72) were supported by the Affidavit of FBI Task Force Officer ("TFO") Eric Schmidt (id. at 4-36), which stated that the investigation originated with a complaint from a minor victim concerning an individual she knew as "Michael Swain", whom she communicated with on Discord, a messaging platform that had both a desktop and mobile application. Id. at 14, 16-17, ¶¶21, 28-30, 36.  The victim's report was confirmed by law enforcement's review of her Discord accounts, which demonstrated that the suspect knew that the victim was a minor and solicited images and videos from her that TFO Schmidt believed in his training and experience to be child pornography. Id. at 17-23, ¶¶34-40. Administrative subpoenas linked the IP addresses associated with the Discord accounts to 191

Bannard Avenue, and further investigation revealed that Swain resided at that address. Id. at 23-25, ¶¶41-48.

Although Swain argues that probable cause for the warrants was lacking (Greenman Affidavit [35], ¶166), he points to no specific deficiency. Nor do I discern any. As the government notes, TFO Schmidt's Affidavit "provided a substantial basis to believe that someone residing at [191 Bannard Avenue] was sexually exploiting Victim 1 using the Discord accounts . . . and that evidence of the sexual exploitation of Victim 1 would be found in the discord accounts, at the residence, and on [Swain's] phone". Government's Response [36] at 24.

In any event, I agree with the government that even if probable cause was lacking, the evidence obtained from the search warrants would still be admissible under the good faith exception of Leon, supra. Government's Response [35] at 24-25. "When police act under a warrant that is invalid for lack of probable cause, the exclusionary rule does not apply if the police acted in objectively reasonable reliance on the subsequently invalidated search warrant." Herring v. United States, 555 U.S. 135, 142 (2009).

"The burden is on the government to demonstrate the objective reasonableness of the officers' good faith reliance on an invalidated warrant." United States v. Clark, 638 F.3d 89, 100 (2d Cir. 2011). There are "four circumstances where an exception to the exclusionary rule would not apply: (1) where the issuing magistrate has been knowingly misled; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable; and (4) where the warrant is so facially deficient that reliance upon it is unreasonable." Id.

The warrants here were not so facially deficient or so lacking in probable cause that reliance upon them would have been objectively unreasonable. Nor are there any claims that

Magistrate Judge Schroeder was misled in any fashion or that he abandoned his judicial role. Therefore, even if the search warrants were determined to be unsupported by probable cause, I would conclude that the good faith exception applies.

### ii.    Particularity & Overbreadth

"The warrants clause [of the Fourth Amendment] both requires particularity and forbids overbreadth." United States v. Drago, 2019 WL 4364644, *7 (E.D.N.Y.), adopted, 2019 WL 3072288 (E.D.N.Y. 2019). Since the particularity requirement guards against "general warrants" that authorize an "exploratory rummaging in a person's belongings", Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971), it requires the warrant to "enable the executing officer to ascertain and identify with reasonable certainty those items that the magistrate has authorized him to seize". United States v. George, 975 F.2d 72, 75 (2d Cir. 1992). *See also* United States v. Walker, 2023 WL 3451419, *3 (2d Cir. 2023) (Summary Order) ("[t]he Fourth Amendment does not require a perfect description of the data to be searched and seized").

"The particularity requirement has three components": (1) "a warrant must identify the specific offense for which the police have established probable cause"; (2) "a warrant must describe the place to be searched; and (3) "the warrant must specify the items to be seized by their relation to designated crimes". United States v. Galpin, 720 F.3d 436, 445-46 (2d Cir. 2013). Thus, "[i]n general, warrants that limit a search to evidence relating to a particular crime, and which provide a list of examples as a means of limiting the items to be seized, are upheld when confronted with a particularity challenge." United States v. Pugh, 2015 WL 9450598, *22 (E.D.N.Y. 2015). *See also* United States v. Riley, 906 F.2d 841, 845 (2d Cir. 1990) ("[o]nce a category of seizable papers has been adequately described, with the description

delineated in part by an illustrative list of seizable items, the Fourth Amendment is not violated because the officers executing the warrant must exercise some minimal judgment as to whether a particular document falls within the described category").

Although overbreadth is a distinct concept, it "represents, in a sense, an intersection point for probable cause and particularity principles: it recognizes, in pertinent part, that a warrant's unparticularized description of the items subject to seizure may cause it to exceed the scope of otherwise duly established probable cause." United States v. Disla Ramos, 2022 WL 17830637, *9 (S.D.N.Y. 2022).

Swain argues that these were "general" warrants "because the authority to seize the documents and to search computers and the like . . . did not provide the agents with a direction as to what they may seize". Greenman Affidavit [35], ¶157.   He contends that the "warrants did not list specific items which the officers were allowed to seize and the description in the search warrant . . . for [his] home and devices was 'overbroad and provided the officers with no judicial limit on the scope of their search, especially as related to the seizure of electronically stored notes and records tending to identify criminal conduct'". Id., ¶165, *quoting* United States v. Rosa, 626 F.3d 56, 64 (2d Cir. 2010).

In Rosa, the Second Circuit held that a warrant was overbroad because it authorized law enforcement to search a residence for any electronic equipment or digital information "which would tend to identify criminal conduct". Id. at 58. Likewise, in George, supra, also cited by Swain (Greenman Affidavit [35], ¶¶150-51, 154), the court held that "[a]bsent some limitation curtailing the officers' discretion when executing the warrant, the safeguard of having a magistrate determine the scope of the search is lost. As a consequence,

authorization to search for 'evidence of a crime,' that is to say, any crime, is so broad as to constitute a general warrant". 975 F.2d at 76.

The warrants here are unlike those in Rosa and George. Each of the warrants signed by Magistrate Judge Schroeder limited law enforcement's authorization to search for and seize evidence of specific child pornography and enticement of a minor offenses (*see* Discord warrant ([36-3] at 41, §II (Items to be Searched for and Seized)); residence warrant (id. at 44); and cellular telephone warrant (id. at 48)), and identified specific categories of information related to those crimes that were encompassed by the warrant, such as "[a]ll visual depictions of child pornography".

Because the seizure of an electronic device "can give the government possession of a vast trove of personal information about the person to whom the [device] belongs, much of which may be entirely irrelevant to the criminal investigation that led to the seizure", United States v. Ganias, 824 F.3d 199, 217 (2d Cir. 2016), "the particularity requirement assumes even greater importance". Galpin, 720 F.3d at 446. However, to the extent that Swain is arguing that the warrant's directive to search the entirety of his electronic devices was overbroad or lacking particularity, I disagree.

A warrant that authorizes "law enforcement agents to access all the data on the [an electronic device] does not automatically render it overbroad". United States v. Dawkins, 2019 WL 2464924, *7 (S.D.N.Y. 2019). *See also* United States v. Saipov, 2019 WL 3024598, *7 (S.D.N.Y. 2019) ("the fact that the Search Warrant contemplates that the entire contents of the Cell Phones" is an "unremarkable" approach to searching electronic devices). Since "it will often be impossible to identify in advance the words or phrases that will separate relevant files or documents before the search takes place, because officers cannot readily anticipate how a suspect

will store information related to the charged crimes", United States v. Ulbricht, 858 F.3d 71, 102 (2d Cir. 2017), abrogated in part on other grounds by Carpenter v. United States, 585 U.S. __, 138 S. Ct. 2206 (2018), the Second Circuit has "not required specific search protocols or minimization undertakings as basic predicates for upholding digital search warrants". Galpin, 720 F.3d at 451.[6]

Likewise, "[c]ourts routinely uphold warrants to search entire electronic accounts when there is probable cause to believe they contain evidence of a crime". United States v. Toth, 2022 WL 16837972, *3 n. 3 (W.D.N.Y.), adopted, 2022 WL 16836568 (W.D.N.Y. 2022) (citing cases); United States v. Vogelbacher, 2021 WL 1017126, *3 (W.D.N.Y.), adopted, 2021 WL 978848 (W.D.N.Y. 2021) (Vilardo, J.) ("courts routinely uphold warrants to search entire electronic accounts"). See also United States v. Whitcomb, 2021 WL 5150040, *6 (D. Vt. 2021) (when addressing social media accounts "courts in this circuit repeatedly have recognized that avoiding the intrusiveness of a search while maintaining its efficacy is largely infeasible . . . . Once probable cause is established, permissible searches have included the entire contents of a defendant's Facebook account even if the account also contained information unrelated to criminal activity").

---

[6]    Alternatively, the government argues that even if the court "determines that the search warrants are overbroad . . . application of the good-faith exception to the exclusionary rule would be warranted as there is no evidence that [TFO] Schmidt acted in any specific and deliberately culpable manner, or 'searched for, or seized, any items that were unrelated to the crimes for which probable cause had been shown'". Government's Response [36] at 22 n. 3 (quoting Rosa, 626 F.3d at 65). That argument cannot be resolved on this record, which lacks any evidence of how the warrants were executed. In any event, based on my recommendation, it is unnecessary for me to reach this argument.

Finally, to the extent any of Swain's remaining arguments are rooted in claims of overbreadth, he fails to point to any particular authorization given by the warrants to search for and seize that was not supported by probable cause.

### iii. Overbroad Execution

"[W]hen items outside the scope of a valid warrant are seized, the normal remedy is suppression and return of those items, not invalidation of the entire search." United States v. Matias, 836 F.2d 744, 747 (2d Cir. 1988). It is only when "those executing the warrant acted 'in flagrant disregard' of the warrant's terms", that all seized evidence will be suppressed. Id.

Swain argues that he has not been provided "with a full inventory of items which were seized", and "[t]herefore request[s] a hearing as to the appropriate execution of the warrant and request[s] . . . suppression of everything seized because the warrant execution amounted to nothing less than mere rummaging". Greenman Affidavit [35], ¶163. The government does not respond to these arguments.

Notwithstanding the absence of any response from the government, Swain's motion, which does not identify even a single item that was seized outside of the scope of the warrants, fails to demonstrate law enforcement's "flagrant disregard" of the warrants. Since Swain has not demonstrated a basis to suppress everything seized or to conduct an evidentiary hearing on that issue, I recommend that this motion be denied. See United States v. Orefice, 1999 WL 349701, *8 (S.D.N.Y. 1999) ("the defendant's application to have all evidence from the search suppressed is contrary to law. Absent a finding that the FBI agents executing the search operated in 'flagrant disregard' of the terms of the warrant, the only remedy to which defendant

would be entitled is suppression of the evidence that falls outside of the scope of the warrant. There is no evidence of this degree of disregard").

However, that denial is without prejudice. Swain contends, and the government does not dispute, that law enforcement has not produced a "full" inventory of the seized items. The current record also does not provide any clarity on what inventories, if any, have been provided. Since that information may be necessary to Swain's ability to make a preliminary showing that the execution of the warrants was overbroad, by January 12, 2024 the government shall either produce all required inventories of the seized items or confirm in writing that they have been produced, and, if necessary, Swain may renew this portion of his motion by January 26, 2024.[7]

### 2.    October 25, 2023 Search Warrant

As a threshold matter, a defendant seeking to suppress evidence "bears the burden of proving . . . that he had a legitimate expectation of privacy" in the account searched or seized. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980). *See also* United States v. Tontisabo, 2023 WL 411622, *2 (S.D.N.Y. 2023). This burden "is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge". Montoya-Eschevarria, 892 F. Supp. at 106.

---

[7]    Although Swain's motion does not seek to suppress particular seized items, if the government attempts to introduce evidence at trial that was seized outside of the scope of the warrants, he may seek to suppress that evidence where he lacked the ability to do so earlier. *See* Orefice, 1999 WL 349701 at *9 ("[i]n the event that the [seized] compact disk contains information related to other schemes or the Government attempts to introduce documents to that effect, defendant can seek suppression of that evidence").

Swain states that he has "already executed a 'Standing' affidavit". Greenman Affidavit [44], ¶13. That is correct (*see* Swain Affidavit [40]), but as the government notes, "that affidavit only related to standing for [his] residence and did not address any of the Discord accounts in the Original Warrant or the Second Discord Warrant". Government's Response [46] at 2 n. 2. Therefore, I conclude that Swain has failed to establish standing to suppress this warrant, and recommend that the motion be denied on this basis.

In any event, because both parties rely on their earlier arguments directed at the February 21, 2023 search warrants (Greenman Affidavit [44], ¶12; government's Response [46] at 2) and point to no appreciable differences in the October 25, 2023 search warrant, my recommendation would mirror that for the February 21, 2023 warrants.


## CONCLUSION

For these reasons, I recommend that Swain's motions to suppress [35, 44] be denied. By January 12, 2024 the government shall either produce all required inventories of the seized items from the February 21, 2023 search warrants for his residence and the cellular telephone or confirm in writing that they have been produced, and, if necessary, Swain may file a renewed motion to suppress evidence based on the overbroad execution of the February 21, 2023 warrants by January 26, 2024.

Unless otherwise ordered by District Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by January 8, 2024. Any requests for extension of this deadline must be made to District Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: December 19, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

-15-